IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| **Joe Lamm**, **Ravalli County Republican Central Committee**, **Jeff Wagner**, **Sylvia Wagner**, **Fiona Nave**, **Brent Nave**, *Plaintiffs*, <br><br> v. <br><br> **Stephen Bullock**, in his official capacity as Governor of Montana; **Corey Stapleton**, in his official capacity as Secretary of State of Montana, <br> *Defendants*. | **Civ. No. _____** <br><br><br><br> **Motion to Consolidate** |

# Motion to Consolidate

Pursuant to Federal Rule of Civil Procedure 65(a)(2), Plaintiffs Joe Lamm, Ravalli County Republican Central Committee, Jeff Wagner, Sylvia Wagner, Fiona Nave, and Brent Nave (collectively "Voters") respectfully move this Court to consolidate the hearing on Plaintiffs' Motion for Preliminary Injunction with the trial on the merits of Plaintiffs' Verified Complaint. In support of this Motion, Voters state as follows:

This Court has the power to grant such a motion, *Glacier Park Found. v. Watt,* 663 F.2d 882, 886 (9th Cir. 1981) (*citing* Fed. R. Civ. p. 65(a)(2)), "by stipulation, motion, or even sua sponte so long as the procedures do not result in prejudice to either party." *Id.* (*citing Eli Lilly & Co. v. Generix Drug Sales, Inc.,* 460 F.2d 1096, 1106 (D.C. Cir. 1972)). Federal Rule of Civil Procedure 65(a)

grants a district court "very broad" discretion to order consolidation a hearing on a Motion for Preliminary Injunction with a trial on the merits in the absence of demonstrated "prejudice" to the complaining party. See *Michinfelder v. Sumner*, 860 F.2d 328, 328 (9th Cir. 1988). The district court is permitted to give notice of its intent to consolidate either before the hearing on a preliminary injunction, at the hearing, or after the hearing. *Id.* Consolidation is warranted where the legal issues have been fully briefed and where further presentation of evidence would not alter the factual conclusions upon which the court relies to decide the merits of the case. See *Air Line Pilot's Ass'n v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397 (9th Cir. 1990).

The parties should receive "clear and unambiguous notice" of consolidation "before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." *Air Line Pilots Ass'n, Int'l*, 898 F.2d at 1393.

### I. Consolidation is proper in this case.

Consolidation is meant to avoid the repetition of evidence and to expedite the final disposition of the action. See Fed.R.Civ.P. 65 advisory committee's note (1966 amendment). "It is believed that consolidation can be usefully availed of in many cases." *Id.*

Numerous courts have recognized the utility of Rule 65(a)(2) consolidation.

*See, e.g.*, *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1229 (8th Cir. 1986) ("This procedure is a good one, and we wish to encourage it."); *U.S. ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1358 (8th Cir. 1979) (trial on merits was not justified and consolidation was proper because the only disputed question was one of law); *Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972) (when discovery is concluded or unnecessary "consolidation may serve the interests of justice"); *NOW v. Operation Rescue*, 747 F. Supp. 760, 768 (D.D.C. 1990) (the use of a "routine" accelerates trial, preserves judicial resources and saves wasted effort).

**A.     The resolution of this case turns on purely legal issues.**

This case presents the concise legal question of whether Defendants' expansion of mail-in voting (the "Plan") is unconstitutional under the First and Fourteenth Amendments and Article I, Section IV, clause 1 of the Constitution of the United States. As provided in Plaintiffs' Complaint (Doc. 1), Defendants have issued a directive, contrary to Montana law, allowing counties to conduct the "general election under the mail ballot provisions of Title 13, Chapter 19[.]"[1]

This Plan was crafted in contravention of (3)MCA § 13-19-101, which

---

[1] *Directive implementing Executive Orders 2-2020 and 3-2020 and providing for measures to implement the 2020 November general election*, Aug. 6, 2020, available at https://covid19.mt.gov/Portals/223/Documents/2020-08-06_Directive%20-%20November%20Elections.pdf?ver=2020-08-06-112431-693 (all websites herein were last visited on September 7, 2020).

specifically prohibits such mail-in voting for "(a) a regularly scheduled federal, state, or county election; (b) a special federal or state election, unless authorized by the legislature; or (c) a regularly scheduled or special election when another election in the political subdivision is taking place at the polls on the same day." The Plan disenfranchises Voters. This is not a question of law, not of fact and does not require factual development.

**B.   The same evidence will be used for the preliminary injunction and the merits.**

All of the evidence for the preliminary injunction will be relevant to the merits. Indeed, Voters will present these same facts at any hearing on the merits and the standard of proof to which they will have been subjected is sufficient for their consideration on the claim's merits. Therefore, consolidation will avoid needless repetition of the evidence.

Moreover, the facts herein provided are verified, publicly available, or are duly codified in the Montana Election Code. Thus, all of the facts necessary to determine the merits of the complaint are already before the Court and ripe for the Court's consideration.

**C.   A decision on the merits would expedite resolution of this case.**

The primary goal of Voters is protect their fundamental right to vote. So if Defendants are not enjoined from enacting their Plan now, prior to mail-in ballots

being disbursed, the opportunity to protect Voters' fundamental rights will be irreparably lost. Therefore, whether or not Defendants are enjoined from sending out mail-in ballots, the subject of the preliminary injunction motion, will determine this matter. And consolidation with that decision with the merits will present an expeditious resolution to this case.

## Conclusion

In sum, consolidation serves the interests of justice and is proper in this case for at least the following reasons: (1) the case turns on purely legal issues and there is no necessary factual development, (2) the same evidence is relevant to Voter's preliminary injunction and the merits and will avoid the needless repetition of evidence, and (3) it would expedite resolution of this case. This Court should grant Voters' Motion to Consolidate and provide adequate notice of such consolidation to Defendants.

Date: September 9, 2020                                     *Local Counsel for Plaintiffs*

Respectfully Submitted,

  /s/   Emily Jones        
Emily Jones
Jones Law Firm
2101 Broadwater Ave.
P.O. Box 22537
Billings, MT 59104
(406) 384-7990
emily@joneslawmt.com

James Bopp, Jr.*
   IN Atty. No. 2838-84
Richard Coleson*
     IN Atty. No. 11527-70
Courtney Turner Milbank*
   IN Atty. No. 32178-29
Angela Stuedemann *
     IA Atty. No 69956
True the Vote, Inc.
  Voters' Rights Initiative
THE BOPP LAW FIRM, PC
1 South Sixth St.
Terre Haute, IN 47807-3510
Telephone: (812) 232-2434
E-mails: jboppjr@aol.com,
    rcoleson@bopplaw.com
    cmilbank@bopplaw.com
      astuedemann@bopplaw.com

*Lead Counsel for Plaintiffs*

*\* Pro Hac Vice pending*

## Certificate of Service

I hereby certify that I caused the foregoing document to be served via first class U.S. Mail on September 9, 2020, on all defendants:

Governor Stephen Bullock
PO Box 200801
Helena, MT 59620-0801

Secretary of State Corey Stapleton
Montana Capitol Building, Rm 260
P.O. Box 202801
Helena, MT 59620-2801

<u>/s Emily Jones</u>
Emily Jones